```
Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiffs
BACKGRID USA, INC., and
BACKGRID LONDON LTD.,
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., and BACKGRID LONDON LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> OUR GENERATION MUSIC, LLC, <br><br> *Defendant*. | Case No. 2:25-cv-10993 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br><br> *Jury Trial Demanded* |

Plaintiffs BackGrid USA, Inc. and BackGrid London Ltd., for their Complaint against Defendant Our Generation Music, LLC ("OGM"), allege as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff BackGrid*

2. Plaintiff BackGrid USA, Inc. ("BGUS") is an entity organized and existing under the laws of the State of California with its principal place of business in Redondo Beach, California.

3. Plaintiff BackGrid London Ltd. ("BGUK") is a private limited company organized and existing under the laws of the country of the United Kingdom with its principal place of business in London, England.

4. BGUS and BGUK are premier celebrity news and photo agencies that provide the world's news outlets with real-time content from top photographers. They also maintain libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

5. BGUS and BGUK license their photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

6. BGUS and BGUK conduct business as syndicators of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Joinder*

7. Joinder of plaintiffs BGUS and BGUK is appropriate under Fed. R. Civ. P. 20(a)(1) at least because questions of law or fact common to both plaintiffs will arise in the action.

*Defendant*

8. On information and belief, defendant OGM is a limited liability company organized under the laws of the state of California and is doing business in California. According to documents on file with the California Secretary of State, OGM has its principal place of business in La Mirada, California, in this judicial district.

9. OGM is a media and news company offering music and entertainment news, interviews, spotlights, and editorial content, among other things, to the public.

10. On information and belief, OGM owns and operates the account @ourgenerationmusic on Instagram, publicly available at www.instagram.com/ourgenerationmusic, and/or is responsible for the content posted on that account's page.

11. On information and belief, OGM owns and operates the account @OGMusicCo on *X*, formerly known as Twitter, publicly available at www.x.com/ogmusicco, and/or is responsible for the content posted on that account's page.

### *Personal Jurisdiction and Venue*

12. This Court has personal jurisdiction over defendant OGM because its principal place of business is in La Mirada, California, such that it can be said to be "at home" in California and in this judicial district.

13. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Copyrighted Photographs*

14. BGUS is the owner and copyright holder of 26 photographic images (the "BGUS Images") as follows:

    a. BGUS Image 1 and BGUS Image 2 depict musical artist Travis Scott wearing a pair of unreleased Air Jordan sneakers. BGUS Image 1 and BGUS 2 were registered with the U.S. Copyright Office as Reg. No. VA 2-234-781 (eff. Jan. 13, 2021).

    b. BGUS Image 3 depicts musical artist Frank Ocean performing at Coachella. BGUS Image 3 was registered with the U.S. Copyright Office as Reg. No. VA 2-354-106 (eff. Jun. 12, 2023).

    c. BGUS Image 4 depicts Kanye West's daughter North West wearing clothing that reveals the track list for the then-expected album *Vultures I*. BGUS Image 4 was registered with the U.S. Copyright Office as Registration No. VA 2-395-846 (eff. Mar. 5, 2024).

    d. BGUS Image 5, BGUS Image 6, and BGUS Image 7 depict musical artist Travis Scott with armed security carrying a briefcase. BGUS Image 5, BGUS Image 6, and BGUS Image 7 were registered with the U.S. Copyright Office as Registration No. VA 2-353-263 (eff. May 25, 2023).

e. BGUS Image 8 and BGUS Image 9 also depict musical artist Travis Scott with security detail carrying a briefcase. BGUS Image 8 and BGUS Image 9 were registered with the U.S. Copyright Office as Registration No. VA 2-353-264 (eff. May 25, 2023).

f. BGUS Image 10, BGUS Image 11, and BGUS Image 12 depict musical artist Kanye West at the Waldorf Astoria with an unknown woman. BGUS Image 10, BGUS Image 11, and BGUS Image 12 were registered with the U.S. Copyright Office as Registration No. VA 2-345-934 (eff. Apr. 7, 2023).

g. BGUS Image 13 depicts musical artist Justin Bieber and his wife, model and entrepreneur Hailey Bieber, with a group of friends at Disneyland. BGUS Image 13 was registered with the U.S. Copyright Office as Registration No. VA 2-452-031 (eff. June 13, 2025).

h. BGUS Image 14 depicts musical artist Kanye West with a group of friends. BGUS Image 14 was registered with the U.S. Copyright Office as Registration No. VA 2-300-991 (eff. Apr. 29, 2022).

i. BGUS Image 15 and BGUS Image 16 depict musical artist Kanye West on a balcony with a group of friends. BGUS Image 15 and BGUS Image 16 were registered with the U.S. Copyright Office as Registration No. VA 2-300-987 (eff. Apr. 29, 2022).

j. BGUS Image 17, BGUS Image 18, and BGUS Image 19 depict musical artist Kanye West out in public with model Irina Shayk. BGUS Image 17, BGUS Image 18, and BGUS Image 19 were registered with the U.S. Copyright Office as Registration No. VA 2-256-323 (eff. June 14, 2021).

k. BGUS Image 20 depicts musical artist Drake with his son going to a Lakers game. BGUS Image 20 was registered with the U.S. Copyright Office as Registration No. VA 2-267-403 (eff. Aug. 26, 2021).

l. BGUS Image 21 and BGUS Image 22 depict musical artist A$AP Rocky riding an electric bike. BGUS Image 21 and BGUS Image 22 were

registered with the U.S. Copyright Office as Registration No. VA 2-256-322 (eff. June 14, 2021).

    m.    BGUS Image 23 and BGUS Image 24 depict musical artist Travis Scott out in public. BGUS Image 23 and BGUS Image 24 were registered with the U.S. Copyright Office as Registration No. VA 2-254-093 (eff. May 10, 2021).

15.    BGUS Image 1 through BGUS Image 24 were all registered with the U.S. Copyright Office within 90 days of first publication.

16.    BGUS Image 25 and BGUS Image 26 depict public figure Bianca Censori in a skin-colored body suit holding a pillow over her chest. BGUS Image 23 and BGUS Image 24 were registered with the U.S. Copyright Office as Registration No. VA 2-383-498 (eff. Jan. 10, 2024).

17.    BGUK is the owner and copyright holder of 2 photographic images (the "BGUK Images") as follows:

    a.    BGUK Image 1 depicts musical artist Travis Scott crossing the famous Abbey Road crossing in London. BGUK Image 1 was registered with the U.S. Copyright Office as Registration No. VA 2-359-365 (eff. July 30, 2023). BGUK obtained ownership of this copyright, along with the right to sue for any infringement, from Xposure Photo Agency Inc. by written assignment.

    b.    BGUK Image 2 depicts musical artist Kanye West wearing a mask. BGUK Image 2 was registered with the U.S. Copyright Office as Registration No. VA 2-277-786 (eff. Nov. 5, 2021). BGUK obtained ownership of this copyright, along with the right to sue for any infringement, from Xposure Photo Agency Inc. by written assignment.

18.    The BGUK Images were registered with the U.S. Copyright Office within 90 days of first publication.

19.    Collectively, the BGUS Images and the BGUK Images are referred to as the "Images."

### *The Infringements*

20.    Neither BGUS nor BGUK licensed the Images to defendants. Nevertheless, defendant used the Images without authorization or permission to do so, and without paying a license fee.

21.    Specifically, defendant or someone acting on its behalf copied each of the Images from Internet sources—on information and belief including legitimate licensees of plaintiffs—stored the Images on OGM's servers, and displayed the Images on OGM's social medical accounts @ourgenerationmusic on Instagram and @OGMusicCo on *X*, formerly known as Twitter.

22.    At the time this complaint was filed, Defendant unauthorized uses of the Images continued on *X*, formerly known as Twitter, even though they had been made aware that plaintiffs asserted claims of infringement as to those posts.

23.    The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, plaintiffs earned revenue from licensing them and stood to gain more revenue from licensing.

24.    In fact, all the Images were marketed and licensed as "Exclusive" or "Premium-Exclusive" photographs. "Exclusive" and "Premium-Exclusive" photographs are likely to be extremely popular and in high demand because they depict top celebrities or highly newsworthy situations, or because they are available only from a single photo agency (directly or through agents) in that no other photographers captured the celebrity or event, or both. Exclusive and Premium-Exclusive photographs are more valuable and are licensed for a higher fee, sometimes significantly higher (such as $10,000 to $50,000 or more, and higher if the licensee wants a period of exclusivity where no other licensee can display the photographs).

25.    Defendant's unauthorized use of the Images harmed the existing and future market for them. Defendants' social media posts made the Images immediately available to OGM's followers and to the public, including consumers of

entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are plaintiffs' customers.

26. Defendant's unauthorized use of the Images also harms plaintiffs' business model by driving down the prices for legitimately licensed celebrity images and driving away plaintiffs' actual and potential customers. Plaintiffs' customers—among them, media companies who compete with OGM and who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media by non-licensees like OGM.

27. In addition, defendant's unauthorized uses of the Images are commercial in nature. OGM uses its Instagram feed for the purposes of promotion—specifically, to promote brand awareness of its business interests and to attract and drive users to its website where it derives revenue from advertisements.

28. As a media company, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

29. All prior paragraphs are incorporated into this claim.

30. Plaintiffs are the authors and or/copyright holders of the protected Images named above in this Complaint.

31. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiffs' authorization or license.

32. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

33. Plaintiffs have complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

34. Plaintiffs suffered damages as a result of defendant's unauthorized use of the Images.

35. Having timely registered copyright in the Images, plaintiffs are entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

36. Plaintiffs allege, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiffs' copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

37. In the alternative, plaintiffs are entitled to recovery of their actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

38. Within the time permitted by law, plaintiffs will make their election between actual damages and profit disgorgement, or statutory damages.

39. Plaintiffs are also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request the following:

    A.    For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

    B.    For an order requiring defendant to account to plaintiffs for its profits and any damages sustained by plaintiffs arising from the acts of infringement;

    C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiffs' authorization—as well as all related records and documents;

    D.    For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiffs' election, statutory damages;

    E.    For an award of pre-judgment interest as allowed by law;

    F.    For reasonable attorney fees;

    G.    For court costs, expert witness fees, and all other costs authorized under law;

    H.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues permitted by law.

Dated: November 16, 2025    Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiffs
BACKGRID USA, INC. and
BACKGRID LONDON LTD.